**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NOS. 08-00348-WS** |
| | ) | **08-00366-CG** |
| **WILLIE JAMES STANDBERRY ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

This matter is before the court on defendant's motion for speedy trial and objection to continuance of jury trial (Doc 26) filed in Cr. No. 08-348, and defendant's motion for severance due to prejudicial joinder filed in both 08-348 (Doc. 30) and 08-366 (Doc. 13).

Rule 13, Fed. R. Cr. P., permits the court to order that separate cases be tried together as though brought in a single indictment or information if all offenses could have been joined in a single indictment.  Rule 8 permits joinder of offenses if the joined offenses are of the same or similar character.  In this case, the defendant is charged in case number 08-348 with two counts of possession with intent to distribute crack cocaine (Count One) and cocaine (Count Two) on May 24, 2008.  He is charged in case number 08-348 in Count One of attempting to possess with intent to distribute cocaine on September 3,3008, and in Count Two of using, possessing and carrying a firearm in furtherance of the attempt to possess cocaine which is charged in Count One.  An examination of the allegations of each indictment show that they are clearly of the same or similar character.  <u>U.S. v. Dominguez</u>, 226 F.3rd 1235, 1238 (11th Cir. 2000).

Defendant argues that even if properly joined, the charges should be severed because the joinder prejudices the defendant in that second set of offenses involve a firearm while the first do not.  However,

> [i]n order to justify reversal of a district court's denial of a motion to sever, the defendant must show "more than some prejudice." <u>United States v. Walser</u>, 3 F.3d 380, 386 (11th Cir.1993) (internal quotations omitted). Rather, "the appellant must demonstrate that he received an unfair trial and suffered compelling prejudice.... This is a heavy burden, and one which mere conclusory allegations cannot carry." Id. (internal quotations omitted). If the jury, under all of the circumstances of the case, is able to follow a court's limiting instructions and evaluate the evidence against a defendant based solely on his "own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict," then there is no compelling prejudice. <u>Id</u>. at 386-87. Severance is not required when "the possible prejudice may be cured by a cautionary instruction." Id. at 387.

<u>U.S. v. Paul</u>, 194 Fed. Appx. 792, 797 (11th Cir 2006).

The defendant has not demonstrated compelling prejudice because of the presence of a firearm in the second transaction.  With proper instruction a jury should be able to evaluate the evidence pertaining to each count and properly apply the law.  Moreover, it is apparent to the court that the acts alleged in each of the indictments would be admissible as 404(b) evidence in either case if they were tried separately, and thus the facts pertaining to both sets of charges would be heard by the jury, even if separated.

Defendant also claims that the continuance of the first case, by joining it with the second case, constitutes a violation of the Speedy Trial Act as to the charges in case number 08-348.  The defendant is correct that the court failed to specify in its order joining the cases and continuing the trial of the first case why the ends of justice outweigh the best interest of the defendant and the public in a speedy trial.  However, it is apparent that when offenses are properly joined, the speedy trial clock should not run until the time for trial of the latest-filed of the charges.  While the act does not specify this exception, 18 U.S.C. §3161(h)(1) excludes "<u>any</u> period of delay resulting from other proceedings concerning the defendant, including <u>but not limited to</u>" the listed events.  Moreover, the reasoning is similar to the exception found in §

3161(h)(7): "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."   Thus, the court finds that the joinder of the charges result in the speedy trial clock not running until it has run from the charges in case number 08-366.   Even if that were not the case, the court finds that the speedy trial clock does not run for case number 08-348 until some time after the currently scheduled commencement of trial (jury selection).

For the foregoing reasons, the motion for speedy trial is **MOOT,** and the motion to sever is **DENIED.**

**DONE and ORDERED** this 2nd day of February, 2009.


        /s/   Callie V. S. Granade
        CHIEF UNITED STATES DISTRICT JUDGE

3